# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Chayse Keller (R05157), | ) |
| Plaintiff, | ) Case No. 18 C 50106 |
| v. | ) |
| | ) Judge Frederick J. Kapala |
| Deputy Gruninger, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff's complaint may proceed consistent with this order. The Clerk of Court is directed to (1) file Plaintiff's complaint [1]; (2) issue summonses for service of the complaint on Defendants Gruninger, Savaiano, Miceli, and Ka'Ser; (3) terminate all other defendants to this action; and (4) send Plaintiff four blank USM-285 (Marshals service) forms, a magistrate judge consent form, filing instructions, and a copy of this order. Plaintiff must complete and return USM-285 forms for service on Defendants Gruninger, Savaiano, Miceli, and Ka'Ser. Failure to return the USM-285 forms by July 23, 2018, may result in dismissal of the unserved Defendant, as well as dismissal of this case in its entirety. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. The Court appoints the U.S. Marshal to serve Defendants Gruninger, Savaiano, Miceli, and Ka'Ser. Plaintiff's motion for attorney representation [4] is denied without prejudice.

## STATEMENT

Plaintiff Chayse Keller, an Illinois prisoner, brings this *pro se* civil rights action under 42 U.S.C. § 1983 against the Winnebago County Sheriff's Department and several of its officers concerning an alleged use of force during his arrest on April 5, 2016. Plaintiff paid the Court's filing fee in full, but because he is proceeding *pro se* and was incarcerated at the time he filed this lawsuit, his complaint is subject to screening under 28 U.S.C. 1915A. *See Jones v. Bock,* 549 U.S. 199, 214 (2007) (explaining that court must screen *pro se* prisoners' complaints and dismiss the complaint, or any claim therein, if the complaint or claim is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (same).

Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp.*

*v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that he was stopped by Winnebago County Sheriff's deputies on April 5, 2016, "for going through a red light without stopping and subsequently arrested for a DUI among other charges." (Dkt. 1, pg. 4.) Plaintiff told "the named deputies" during the field tests that he suffered from "back pain and back issues." (*Id.*) The deputies nevertheless forced Plaintiff to the ground and put a knee in his back while taking him into custody, causing Plaintiff a "tremendous amount of pain" and causing him to "go in and out of blacking out." (*Id.*) When the deputies attempted to get Plaintiff off the ground, he could not walk. (*Id.*) He also could not sit up in the squad car and eventually was "yank[ed]" from the car, causing him to "black out." (*Id.*, pg. 4-5.) At some point, one of the deputies allegedly said, "cool, I finally got to take somebody down." (*Id.*, pg. 4.)

Plaintiff woke up in the hospital "a few days later." (*Id.*, pg. 5.) According to Plaintiff, "the pain included with the drugs caused me to overdose and die and I had to be put in a coma to keep me alive." (*Id.*) He also says that he sustained nerve damage in his back, was unable to walk without an assistive device for nearly two years, and continues to suffer to this day. (*Id.*, pg. 5-6.) Plaintiff names the Winnebago County Sheriff's Department, Deputy Gruninger, Deputy Savaiano, Lt. Miceli, "Brad Ka'Ser," and "Any Unknown Deputies Present" as defendants to this action. (*Id.*, pg. 1-2.)

Plaintiff does not expressly state that Defendants caused his injuries but the implication is that his interaction with the Winnebago deputies on April 5, 2016, is the reason why he now suffers from debilitating nerve damage. The Court has accepted Plaintiff's allegations as true as it must at this stage of the litigation even though there appear to be facts omitted from the complaint that may show a more likely cause of Plaintiff's injuries.[1] That said, the amount of force used during an arrest must be objectively reasonable under the Fourth Amendment, *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016), and as such, the conduct alleged by Plaintiff warrants further inquiry. The objective reasonableness standard applies to any claim that the deputies inadequately responded to Plaintiff's complaints of back pain as well. *See Horton v. Pobjecky*, 883 F.3d 941, 953 (7th Cir. 2018) (citing *Sallenger v. City of Springfield*, 630 F.3d 499, 503 (7th Cir. 2010)). The complaint therefore may proceed against the "named deputies" for further fact

---

[1]Plaintiff is reminded that he is subject to Federal Rule of Civil Procedure 11, which provides that by signing a pleading, the party represents to the Court that his factual contentions have evidentiary support or likely will have evidentiary support after further investigation. *See* Fed. R. Civ. P. 11(b). If a more developed record shows that Plaintiff's submissions to this Court contain knowing misrepresentations or material omissions, he may be subject to sanctions, including dismissal of this action.

2

development concerning the events of April 5, 2016. Defendants Gruninger, Savaiano, Miceli, and Ka'Ser must respond to Plaintiff's complaint.

The Winnebago County Sheriff's Department, however, is not a proper defendant to this action. *See Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001) (explaining that police department does not have legal existence separate from municipality); *Hall v. Vill. of Flossmoor Police Dep't*, No. 11 C 5283, 2012 WL 379902, at *2 (N.D. Ill. 2012) ("Police departments are departments of the municipalities they serve; they do not have distinct legal existences under Illinois law.") The Department is dismissed with prejudice.

Similarly, a plaintiff cannot obtain damages from a defendant unless he serves them (or obtains waivers of service) in accordance with Federal Rule of Civil Procedure 4. Plaintiff therefore cannot proceed against unidentified defendants or "John Does." Rather, he must determine the names of the individuals responsible for the events alleged in the complaint. After Plaintiff has obtained service on Defendants and defense counsel has entered an appearance, Plaintiff may serve interrogatories (*see* Federal Rule of Civil Procedure 33) on counsel to obtain information regarding the identities of other individuals responsible for the alleged conduct. When that process is complete, Plaintiff may submit an amended complaint identifying the individuals by their actual names so that they may be served. Plaintiff must identify the defendants by name in the caption of his complaint and include facts in the body of the complaint showing how each defendant allegedly violated his rights. Plaintiff should do this as soon as possible in light of the two-year statute of limitations and applicable tolling rules. *See Bryant v. City of Chicago*, 746 F.3d 239 (7th Cir. 2014). Nothing in this order shall be construed as tolling the statute of limitations.

The Court directs the Clerk of Court to issue summonses for service of the complaint on Defendants Gruninger, Savaiano, Miceli, and Ka'Ser. The Clerk of Court is directed to mail Plaintiff four blank USM-285 (Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for service on each Defendant. The U.S. Marshal will not attempt service on Defendants unless and until the required forms are received. Plaintiff must therefore complete and return a service form for each Defendant, and failure to do so may result in the dismissal of the unserved Defendants as well as dismissal of this case for lack of prosecution.

The U.S. Marshals Service is appointed to serve Defendants Gruninger, Savaiano, Miceli, and Ka'Ser. The Court directs the U.S. Marshal to make all reasonable efforts to serve Defendants. With respect to any former employee of Winnebago County who can no longer be found at the work address provided by Plaintiff, County officials must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S. Marshal, except as necessary to serve Defendant. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to prison or jail authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

Plaintiff's request for attorney representation is denied. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). The Court declines to do so at this time because Plaintiff has contacted only one lawyer, and so he has made insufficient effort to retain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc); *Russell v. Bukowski*, 608 F.App'x 426, 428 (7th Cir. 2015) ("[B]efore a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself."). The Court also is unable to determine at this early stage of the litigation whether Plaintiff is capable of proceeding effectively without counsel. Accordingly, Plaintiff's motion for attorney representation is denied without prejudice to renewal later in this case.

Date: June 21, 2018